Wilde J.
delivered the opinion of the Court. We think it very clear that the instructions to the jury were correct, and that the evidence reported fully sustains the verdict. The plaintiffs appear in the light of bona fide purchasers of the note in question. They paid a full and adequate consideration on its assignment to them, and there is no evidence whatever to prove their knowledge of any want of consideration in the original contract ; nor is there any circumstance in the case from which such knowledge can be inferred. It has been said, and said truly, that the defendant was not bound to prove that the plaintiffs purchased the note with full and certain knowledge of the want or failure of consideration ; but that if the circumstances attending the transfer were such as to put the plaintiffs upon their guard, they were bound to make inquiry ; and that if they did not, they purchased at their peril. There is nothing in the charge controverting this principle, and we find nothing in the report of the evidence which can raise the question. The plaintiffs had a right to presume that the defendant had investigated the vendor’s title to the patent right, for the purchase of which the note was given ; and there were no circumstances accompanying the transfer of the note to the plaintiffs, which were calculated to awaken suspicion of any defect of title. The purchase of the note at their own risk, would not of itself be sufficient to justify the jury in finding that the plaintiffs were acquainted with the fact that the note was given without any valid consideration, or that it had been *554 obtained by fraud. Bayley on Bills, 349 ; Russell v. Ball, 2 Johns. R. 50. The evidence therefore is altogether insufficient to sustain a verdict in favor of the defendant, and no valid exception could have been taken, if the jury had been so instructed.[1]

Judgment according to the verdict.

 See Goddard v. Lyman, 14 Pick. 268; Hall v. Hale, 8 Connect. R. 336 Perkins v. Challis, 1 N. H. R. 254, Wheeler v. Guild, 20 Pick. 545.